## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | | |
|---|---|---|
| Mark Lott, | ) | Civil Action No. 6:20-0024-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Correct Care Recovery Solutions, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is the report and recommendation ("R & R") of the Magistrate Judge (Dkt. No. 9) recommending that Plaintiff's claim be dismissed without prejudice and that this action be designated a "strike" pursuant to 28 U.S.C. § 1915(g). For the reasons set forth below, the Court adopts the R & R as the order of the Court to dismiss Plaintiff's claims and designate this action as a "strike" pursuant to § 1915(g).

## I.    Background

Plaintiff is civically committed at Correct Care Recovery Solutions under the Sexually Violent Predictor Act, S.C. Code Ann. § 44-48-10. He brings this action under 42 U.S.C. § 1983, alleging that his Fourteenth and Eighth Amendment rights were violated when he was stabbed with a pen while he chose to intervene in a physical fight between two other residents. (Dkt. No. 1.) No objections were made to the R & R.

## II.    Legal Standard

## A.    Review of R & R

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a petitioner has not objected to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's claim should be denied without prejudice. To bring a claim under § 1983, the plaintiff must allege that his constitutional or federal right was violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). This action arises from the same facts alleged in Plaintiff's previous action, *Lott v. Scaturo, et al.*, No. 2:18-cv-1777-RMG, which this Court dismissed with prejudice on summary judgment. The doctrine of claim preclusion dictates that a final judgment on the merits bars the party from re-litigating an issue that could have been raised in the prior action if the parties are the same in both actions. *Pueschel v. United States*, 369 F.3d 345, 354-55 (4th Cir. 2004). This instant claim "arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999) (internal quotation marks omitted). That prior claim was adjudicated on the merits and, therefore, is barred from being raised here. This defect cannot be remedied by amending the complaint. For these reasons, the complaint is dismissed with prejudice.

28 U.S.C. § 1915(g) provides that an incarcerated plaintiff may not bring a civil action *in forma pauperis* if he has, on three or more instances, brought an action that was dismissed as frivolous, malicious or for failing to state a claim, unless he is under imminent danger of serious

physical injury. The Court in its discretion finds that bringing this duplicate action in 2020, when the prior action was dismissed on its merits in 2019, constitutes such an instance.

## IV. **Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R as the Order of the Court (Dkt. No. 9) and **DISMISSES WITH PREJUDICE** the complaint without issuance and service of process. The Court designates this action a "strike" pursuant to 28 U.S.C. § 1915(g).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

February 10, 2020
Charleston, South Carolina